# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-00423 MMM (AGRx) | Date | February 13, 2008 |
|---|---|---|---|

| Title | *Buraye v. Equifax, et al.* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Action Should Not Be Remanded For Lack Of Subject Matter Jurisdiction**

On October 11, 2007, plaintiff Fredy E. Buraye filed a complaint in Los Angeles Superior Court against defendants Equifax Information Services LLC, Trans Union LLC, and Nationwide Credit, Inc. for negligent violation of the Consumer Credit Reporting Agencies Act (CCRAA), willful violation of the CCRAA, negligence, and defamation. Defendant Equifax sought removal on January 22, 2008 based upon plaintiff's response to defendant's request for admissions which suggested that the amount in controversy was over $75,000. Defendant asserts that the court has jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship.

District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806). See also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 & n.3 (1996). For diversity purposes, a partnership is treated as a citizen of each state in which any partners or members are citizens. See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987). The citizenship of a limited liability company (LLC) for diversity purposes is determined in the same manner as that of a partnership, in that an LLC is a citizen of each state of which one of its members is a citizen. See *Cosgrove v. Bartlotta*, 150 F.3d 729, 731 (7th Cir. 1998); *TPS Utilicom Services, Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002).

In its Notice of Removal, defendant Equifax Information Services LLC alleges it is a "limited liability company organized and existing pursuant to the laws of the State of Georgia with its principal place

of business in Georgia," and that Trans Union LLC "is a limited liability company organized and existing pursuant to the laws of the State of Illinois."[1]  Because defendant's Notice of Removal does not allege the *citizenship* of any of the individual members of the LLCs, the court is unable to determine that there is complete diversity of citizenship between all plaintiffs and all defendants.

Consequently, the court orders defendants to show cause, on or before **Wednesday, February 27, 2008,** why the court should not dismiss the case for lack of subject matter jurisdiction.

---

[1]Defendant's Notice of Removal, ¶ 6.

CV-90 (12/02)                                    **CIVIL MINUTES - GENERAL**                                    Initials of Deputy Clerk <u>AH</u>